**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:
Keldi Perez
Rosemary Antonia Jimenez

CHAPTER 13
CASE NO. 5:26-bk-02200

☐ ORIGINAL PLAN
1st AMENDED PLAN (Indicate #)
☑ Number of Motions to Avoid Liens
☑ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☑ Included | ☐ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN.

### A. Plan Payments From Future Income

1. To date, the Debtor paid $1325.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $43,143.61, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 09/26 | 09/26 | 1,325.00 | 0.00 | 1,325.00 | 1,325.00 |
| 10/26 | 08/31 | 708.79 | 0.00 | 708.79 | 41,818.61 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $43,143.61 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. *Check One:*

☑ Debtor is at or under median income.
*If this is checked, the rest of § 1.A.4 need not be completed or reproduced.*

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines:*

☑ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

______________________________

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

______________________________

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check One:*

☑ None.
*If this is checked, the rest of § 2.A need not be completed or reproduced.*

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One*:

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| MidFirst Bank | 1108 Watson Street Scranton, PA 18504 Lackawanna County<br>PIN 15613060029. Instrument No. 2011011378. Per appraisal by J Conrad Bosley, certified appraiser | 8642 |
| Santander Bank | 2021 Dodge Durango 58000 miles<br>Good condition. KBB value is $22690. Santander asserts the value at $23500 per it POC #4. | 1000 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| MidFirst Bank | 1108 Watson Street Scranton, PA 18504 Lackawanna County PIN 15613060029. Instrument No. 2011011378. Per appraisal by J Conrad Bosley, certified appraiser | $9,711.97 | $0.00 | $9,711.97 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None.
*If this is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.E need not be completed or reproduced.*

☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| US Dept Housing and Urban Dev. | 1108 Watson Street Scranton, PA 18504 Lackawanna County PIN 15613060029. Instrument No. 2011011378. Per appraisal by J Conrad Bosley, certified appraiser | NO VALUE | 0.00% | $0.00 | Plan |

F. **Surrender of Collateral.** *Check One:*

☑ None.
*If this is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check One:*

☐ None.
*If this is checked, the rest of § 2.G need not be completed or reproduced.*

☑ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | |
|---|---|
| Name of Lien Holder | Navy Fcu |



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

| | |
|---|---|
| Lien Description<br>For judicial lien, include court and docket number | Opened 08/22 Last Active 06/24<br>Judgment Lien |
| Description of the liened property | 1108 Watson Street Scranton, PA 18504 Lackawanna County PIN 15613060029. Instrument No. 2011011378. Per appraisal by J Conrad Bosley, certified appraiser |
| Liened Asset Value | $186,000.00 |
| Sum of Senior Liens | $245,077.77 |
| Exemption Claimed | $1.00 |
| Amount of Lien | $8,791.24 |
| Amount Avoided | $67,870.01 |

| | |
|---|---|
| Name of Lien Holder | PA Department of Revenue |
| Lien Description<br>For judicial lien, include court and docket number | 8/29/2024<br>Statutory Lien |
| Description of the liened property | 1108 Watson Street Scranton, PA 18504 Lackawanna County PIN 15613060029. Instrument No. 2011011378. Per appraisal by J Conrad Bosley, certified appraiser |
| Liened Asset Value | $186,000.00 |
| Sum of Senior Liens | $223,170.05 |
| Exemption Claimed | $1.00 |
| Amount of Lien | $3,979.72 |
| Amount Avoided | $41,150.77 |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

   a. In addition to the retainer of $1500 already paid by the Debtor, the amount of $3500 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $N/A. This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors, consistent with the priority scheme established in this plan.

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
   *Check one:*

☑ None.
*If this is checked, the rest of § 3.A.3 need not be completed or reproduced.*

### B. Priority Claims (including, certain Domestic Support Obligations)

Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| *PA Department of Revenue | $3,979.72 |
| Berkheimer Assoc | $4,519.14 |



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

| Name of Creditor | Estimated Total Payment |
|---|---|
| Berkheimer Assoc | $7,581.65 |
| Internal Revenue Service | $9,520.04 |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

☑ None.
*If this is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
*Check one:*

☑ None.
*If this is checked, the rest of § 4.A need not be completed or reproduced.*

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

☑ None.
*If this is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☑ plan confirmation.
☐ entry of discharge.
☐ closing of case.

7. **DISCHARGE:** *(Check one)*

☑ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Payments from the plan will be made by the Trustee in the following order:

Level 1: ________
Level 2: ________
Level 3: ________
Level 4: ________
Level 5: ________
Level 6: ________
Level 7: ________
Level 8: ________

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

A. Debtor will file an adversary complaint to determine the dischargeability of the two student loan debt claims to Mohela U.S. Department of Education for $6148 and $2726. Until they are discharged by the Bankruptcy Court in this case, they will be deemed as general unsecured creditor claims under this Plan.

B. Debtor will file an adversary action to determine the secured status of Navy Federal Credit Union, which currently holds a judgment for $8700 against the Debtor. Until it is discharged by the Bankruptcy Court in this case, it be deemed as a general unsecured creditor claim under this Plan.

Dated: September 24, 2026

/s/ Raymond W. Ferrario
Raymond W. Ferrario 35096
Attorney for Debtor

/s/ Keldi Perez
Keldi Perez
Debtor

/s/ Rosemary Antonia Jimenez
Rosemary Antonia Jimenez
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com