UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>KELDI PEREZ<br>ROSEMARY ANTONIA JIMENEZ<br>Debtors<br><br>JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>Movant<br><br>vs.<br><br>KELDI PEREZ<br>ROSEMARY ANTONIA JIMENEZ<br>Respondents | CHAPTER 13<br><br>CASE NO. 5:26-BK-02200-MJC |

**TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN**

COMES NOW Jack N. Zaharopoulos, who objects to confirmation of the above-referenced Debtors' plan for the following reason(s):

1. Failure to properly state the liquidation value in Section 1B of the Plan.

2. Debtors' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtors have access to non-exempt equity in the following: A. Commercial real estate. B. Automobile.

3. Trustee objects to Debtors' Plan subject to Debtors' providing to Trustee a Business Debtor Certification and copies of all necessary and related documents which will enable Trustee to file the Business Examination Report with the Court pursuant to § 1302(c), 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code. More specifically, Trustee requires the submission of the following: a. Certification of Business Debtor. b. Federal Income Tax Return for the two (2) most recent years. c. Insurance policies for: i. Business liability. ii. Workman’s compensation liability. iii. Liquor liability. d. Employers’ quarterly payroll tax returns. If applicable, copies of the bank statements for six (6) months preceding the filing of the Petition. e. Copy of bank statements for six (6) months preceding the filing of the Petition.

4. Trustee avers that Debtors' Plan is not feasible based upon the following:
A. Debtor is unable to make payments under the Plan, contrary to § 1325(a)(6).
B.Secured claim(s) is not in the Plan. (Claim #4 Arrears).

5. The Plan attempts to cramdown a governmental lien which may only be done via motion or claim objection pursuant to Rule 3012(c).

6. The Plan has not been served as required by LR 3015-1(b) as to the creditors listed in Paragraphs 2E and 2G of the Plan.

WHEREFORE, the Trustee alleges and avers that the plan cannot be confirmed and, therefore, the Trustee prays that this Honorable Court will:

a. Deny confirmation of Debtors' plan.
b. Dismiss or convert Debtors' case.
c. Provide such other relief as is equitable and just.

Dated: October 05, 2026

Respectfully submitted:

/s/ Jack N. Zaharopoulos

Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

**CERTIFICATE OF SERVICE**

I hereby certify that, on today's date, I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

RAYMOND W. FERRARIO, ESQUIRE
538 BIDEN STREET
SUITE 528
SCRANTON, PA 18503-1811

Dated: October 05, 2026

/s/ Ashley Schott

Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee